Michael J. Coffino (SBN 88109)
mcoffino@cronelaw.com
Jaime J. Santos (SBN 276344)
jsantos@cronelaw.com
THE CRONE LAW GROUP
101 Montgomery Street, Suite 2650
San Francisco, CA 94104

Telephone:  (415) 955-8900
Facsimile:   (415) 955-8910

Attorneys for Plaintiff China Ritar Power Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHINA RITAR POWER CORPORATION, a Nevada corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>POPE INVESTMENTS LLC, a Delaware limited liability company,<br><br>                    Defendant. | Case No. CV 11 3529<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER SECTION 16(b) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**AND**<br><br>**JURY DEMAND** |

Plaintiff China Ritar Power Corp. ("China Ritar," the "Company" or "Plaintiff"), by and through its attorneys, alleges as follows:

**THE PARTIES**

1.  Plaintiff China Ritar is a publicly-traded corporation organized under the laws of the State of Nevada with its principal place of business in Shenzhen, China.  Established in 2002, China Ritar is one of China's leading lead acid battery and power supply unit manufacturers.  Starting in 2009, and at all times relevant to this action, the stock of the Company traded on the NASDAQ Global Market under the symbol CRTP.

2.  Defendant Pope Investments LLC ("Pope") is a limited liability company organized under the laws of the State of Delaware with a principal place of business in the State of Tennessee.

China Ritar is informed and believes and on that basis alleges that Pope does business both in China

China Ritar is informed and believes and on that basis alleges that Pope does business both in China and in the United States, including in the City and County of San Francisco, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to *28 U.S.C. § 1331*, providing for federal question jurisdiction, insofar as this action asserts federal claims under *15 U.S.C. § 78p*. This Court also has jurisdiction under § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this Court under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. Further, Plaintiff and Defendant have stipulated to the venue of this Court.

## BACKGROUND OF SECTION 16

4. Section 16(b) of the Securities and Exchange Act of 1934 ("the Act") is the only federal statute enacted by Congress specifically to "curb the evils of insider trading." *Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972). The statute "imposes a strict prophylactic rule with respect to [statutory] insider, short-swing trading." *Foremost–McKesson, Inc. v. Provident Sec. Co.*, 423 U.S. 232, 251 (1976). Statutory insiders include, among others, shareholders with more than a 10 percent interest in the issuing company. 15 U.S.C. § 78p(b).

5. Statutory insiders are "presumed to have access to inside information." *Foremost–McKesson, Inc. v. Provident Sec. Co.*, 423 U.S. at 243. When insiders have a beneficial ownership in issuer securities traded within any six month period ("short-swing trading"), the insiders must disgorge any profits from those trades to the issuer. 15 U.S.C. § 78p(b); *Kern County Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 595 (1973).

6. Section 16(a) is integral to Section 16(b) enforcement. Section 16(a) requires insiders to disclose publicly their short-swing securities transactions to combat the practices Congress enacted Section 16(b) to prevent. 15 U.S.C. § 78p(a); *see also Interpretive Release on Rules Applicable to Insider Reporting and Trading*, 46 Fed. Reg. 48147-01 (October 1, 1981); *Gollust v. Mendell*, 501 U.S. 115, 121 (1991). As alleged below, Pope failed to comply with the reporting requirements of Section 16(a).

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER SECTION 16(b) OF THE ACT

7. At all times relevant to this action, Pope has beneficially owned more than 10 percent of the outstanding stock of the Company and, accordingly, for purposes of Section 16 of the Act, Pope is a statutory insider. As a statutory insider, Pope was obligated to report transactions in the securities of the Company of which it was a "beneficial owner." Also, as a statutory insider, Pope was obligated to disgorge any profits made from short-swing transactions in those beneficially owned securities. 15 U.S.C. § 78p(b).

## FACTUAL ALLEGATIONS

8. On or about October 5, 2009, Pope sold 42,500 shares of the Company's common stock for $5.7166 per share.

9. On or about October 6, 2009, Pope sold 30,000 shares of the Company's common stock for $5.60 per share.

10. On or about October 13, 2009, Pope sold 50,000 shares of the Company's common stock for $6.47 per share.

11. On or about January 4, 2010, Pope sold 11,075 shares of the Company's common stock for $5.39 per share.

12. On or about January 21, 2010, Pope sold 27,408 shares of the Company's common stock for $5.028 per share.

13. The transactions described in paragraphs 8 thru 12 constitute "sales" for purposes of Section 16 of the Act.

14. As of February 1, 2010, pursuant to a Warrant dated February 16, 2007, Pope held 411,215 warrants to acquire shares of China Ritar.

15. On or about February 1, 2010, Pope entered into a Securities Purchase Agreement (the "Stock Purchase Agreement") with Hua-Mei 21st Century Partners, L.P. ("Hua-Mei") and Guerrilla Partners ("Guerrilla") (collectively, "Buyer"). The Stock Purchase Agreement identifies Pope as the Seller. Pope did not publicly disclose the transactions consummated pursuant to the Stock Purchase Agreement, as Section 16(a) of the Act requires.

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER SECTION 16(b) OF THE ACT

16. The Stock Purchase Agreement recites that Pope, as Seller, desires to "convey to Buyer 411,215 of such warrants of the Company" as follows: 287,851 to Hua-Mei and 123,364 to Guerilla. The Stock Purchase Agreement sets a per warrant purchase price of $1.41.

17. Under the Stock Purchase Agreement, Pope, as Seller, also granted the Buyer a Put Option (the "Put Option") that required Pope to buy from Buyer up to 308,311 shares of the Company's common stock at a price of $4.24 a share.

18. The Put Option, by its terms, expired on March 4, 2010.

19. For purposes of this Complaint and Section 16(b) of the Act, the writing of the Put Option constituted a purchase of securities by Pope (the "Purchase").

20. Pope is informed and believes and on that basis alleges that on or about February 5, 2010, pursuant to the terms of the Securities Purchase Agreement, Pope, as Seller, conveyed the Warrant to the Buyer for a total of $579,813.15.

21. For purposes of this Complaint and Section 16(b) of the Act, the sale of the Warrants to the Buyer constituted a sale of securities by Pope.

22. The Company is informed and believes that in March 2010, prior to the expiration of the Put Option, and within six months of the Sale, Hua-Mei and Guerrilla exercised their rights under the Put Option, requiring Pope to purchase 150,000 shares of China Ritar stock from them. Accordingly, on or about April 1, 2010, pursuant to the terms of the Put Option, Pope purchased 150,000 shares of China Ritar stock at $4.24 a share.

## CLAIM FOR RELIEF

23. Plaintiff incorporates by reference the allegations contained paragraphs 1 through 22, inclusive, above, as though fully set forth in this paragraph.

24. Pursuant to Section 16(b), Pope must disgorge to the Company all profits, with interest, from the short-swing transactions in China Ritar stock of which Pope is the beneficial owner, as alleged in this Complaint, in an amount subject to be proven at a jury trial.

## REQUESTED RELIEF

Plaintiff respectfully requests the following relief:

(a) Judgment against Defendant Pope Investments LLC for all profits from short-swing transactions under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), in amounts to be proven by trial;

(b) An award of pre-judgment interest and post-judgment interest on all amounts awarded or restitution or disgorgement ordered;

(c) An award of costs and attorney's fees against Defendant; and

(d) Such other and further relief as this Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial on all triable issues. *See* Fed. R. Civ. P. 38.

Dated: July 18, 2011

Respectfully Submitted,

THE CRONE LAW GROUP

By: /s/ Michael J. Coffino
Michael J. Coffino (SBN 88109)
mcoffino@cronelaw.com
Jaime J. Santos (SBN 276344)
jsantos@cronelaw.com

THE CRONE LAW GROUP
101 Montgomery Street, Suite 2650
San Francisco, CA 94610
(415) 955-8900
(415) 955-8910 (fax)

Attorneys for Plaintiff China Ritar Power Corp.

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER SECTION 16(b) OF THE ACT